# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE J. CAVAZOS, | ) Case No.: 1:19-cv-00208-DAD-JLT (HC) |
| Petitioner, | ) FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION |
| v. | ) |
| TAMMY FOSS, Warden, | ) [Doc. No. 16] |
| Respondent. | ) [TWENTY-ONE DAY OBJECTION DEADLINE] |

On December 11, 2018,[1] Petitioner filed the instant federal petition for writ of habeas corpus. (Doc. No. 1.) The Respondent has moved the Court to dismiss the action as untimely. The Court finds the petition to be untimely and recommends that it be **DISMISSED** with prejudice.

## DISCUSSION

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

---

[1] Although the petition was filed in this Court on December 24, 2018, Petitioner signed the petition on December 11, 2018. Under the mailbox rule, a petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276 (1988). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitations.

relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitation Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 11, 2018, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, on September 28, 2016, the California Court of Appeal vacated the sentences on counts two, three and four and remanded the matter. (LD[2] 1 at 38-39.) The Court of Appeal instructed the trial court to strike the sentences imposed pursuant to section 667, subdivisions (a) or (d), and to resentence him accordingly. (Id.) It ordered also the trial court to correct the determinate abstract of judgment to conform to the

---

[2] "LD" refers to the documents lodged by Respondent with the motion to dismiss.

trial court's oral pronouncement of judgment as to count four on a 10-year enhancement pursuant to section 12022.53, subdivision (b). (Id.) The Court affirmed the judgment was otherwise. (Id.) Petitioner sought review in the California Supreme Court, which was denied on December 21, 2016. (LD 2, LD 3.) On March 8, 2017, the Stanislaus County Superior Court resentenced Petitioner in accordance with the Court of Appeal's opinion issued on September 28, 2016. (LD 4.) Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 2, 2017. (LD 5, LD 6.) The statute of limitations commenced on the following day on October 3, 2017. Absent applicable tolling, the last day to file a federal habeas petition was October 2, 2018, though Petitioner did not file it until December 11, 2018.

III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that "a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner did not file any state collateral actions. Therefore, Petitioner is not entitled to statutory tolling, and the instant petition remains untimely.

IV.     Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and

citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 655; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

Petitioner makes no claim to entitlement of equitable tolling and the Court finds no basis for it. Petitioner must demonstrate diligence throughout the limitations period (Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005)), but failed to do so.  He failed to demonstrate any extraordinary circumstance stood in his way of timely filing his federal petition, and he failed to show that he acted diligently.  He should not be granted equitable tolling.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

4

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**July 18, 2019**__              __**/s/ Jennifer L. Thurston**__
                                                            UNITED STATES MAGISTRATE JUDGE