UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE J. CAVAZOS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>TAMMY FOSS, Warden,<br><br>　　　　　Respondent. | No. 1:19-cv-00208-DAD-JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. Nos. 16, 19) |

　　　　Petitioner Ronnie J. Cavazos is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

　　　　On April 16, 2019, respondent Tammy Foss filed a motion to dismiss the petition as untimely. (Doc. No. 16.) On July 18, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the petition be dismissed as barred by the applicable statute of limitations[1] and that a certificate of appealability not be issued. (Doc. No. 19.) The findings and recommendations were served on the parties and contained notice that any

---

[1] The findings and recommendations conclude that any application for federal habeas relief to be filed by petition was due not later than October 2, 2018, but that he did not file his untimely petition in this case until December 11, 2018, more than two months after the applicable statute of limitations had expired.

1

objections thereto were to be filed within twenty-one days. (*Id.* at 4.) Petitioner filed objections to the findings and recommendations on August 15, 2019 (Doc. No. 20), and respondent filed a reply on August 28, 2019 (Doc. No. 21.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections and respondent's reply, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Petitioner objects that he "has been [diligent] and persisting in [filing] this petition," but that his ability to do so has been impeded by inconsistent access to the prison law library and by substantial delays in receiving copies of legal documents. (Doc. No. 20 at 1.) Although not couched as such, the court construes this as an argument that petitioner should be entitled to equitable tolling of the applicable statute of limitations thereby rendering his petition timely.[2] However, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[E]quitable tolling is unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and the petitioner bears the burden of proving that tolling is proper. *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010). A habeas petitioner is entitled to an evidentiary hearing on the propriety of equitable tolling "when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)).

The Ninth Circuit has recognized that depriving a prisoner of his legal documents can rise to the level of an extraordinary circumstance for purposes of equitable tolling. *See id.* ("A complete lack of access to a legal file may constitute an extraordinary circumstance[.]"); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005) (finding that petitioner

---

[2] Petitioner presented none of these arguments in response to respondent's motion to dismiss his petition as untimely because he filed no opposition whatsoever to the granting of that motion. (*See* Doc. No. 19 at 4) ("Petitioner makes no claim to entitlement of equitable tolling and the Court finds no basis for it.").

2

was entitled to equitable tolling because "it is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file") (internal quotation marks and brackets omitted). Petitioner's objections, submitted under penalty of perjury, state that "prison staff [disposed] of petitioner's legal documents during a massive search." (Doc. No. 20 at 2.) Petitioner cites to Exhibit C attached to his objections, which indicates that various items were confiscated from petitioner's cell during a search on August 28, 2018. (*Id.* at 21.) However, petitioner has not identified any specific seized material that was necessary to his filing of a timely petition.

The court concludes that equitable tolling is unavailable here because, on the allegations and evidence now before the court, petitioner did not act with reasonable diligence. The court finds nothing in petitioner's objections detailing "'the steps he took to diligently pursue his federal claims.'" *Roy*, 465 F.3d at 972 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Petitioner claims that he was unable to access the law library, but petitioner's own exhibit demonstrates this not to be the case. In this regard, Exhibit A to petitioner's objections lists the many dates petitioner was able to access the prison law library between October 2017 and October 2018, which collectively amount to over 100 days during that period of time. (Doc. No. 21 at 5.) Petitioner provides no explanation as to why prison law library access over that number of days was insufficient to allow him to file a timely petition. Moreover, the petition that petitioner has now belatedly filed with the court is not particularly complicated, since it merely realleges the same claims and arguments raised in the Petition for Review he filed with the California Supreme Court. (*See* Doc. No. 1 at 5–6, 47–86.) Given length of time over which petitioner was able to access the prison law library, the relative simplicity of the now filed petition, and the lack of any description as to other efforts he undertook to ensure that his habeas petition was timely filed, the court cannot conclude that petitioner has acted diligently to litigate his claim to federal habeas relief. Accordingly, the court will adopt the findings and recommendations in full.

In addition, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain

circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, for claims denied on procedural grounds, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Here, petitioner has not made such a showing. Reasonable jurists would not find the court's determination that the pending petition is time–barred to be debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on July 18, 2019 (Doc. No. 19) are adopted in full;
2. Respondent's motion to dismiss the pending petition as barred by the applicable statute of limitations (Doc. No. 16) is granted;
3. The petition for writ of habeas corpus is dismissed;

/////
/////
/////
/////
/////

4

4. The court declines to issue a certificate of appealability; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**October 21, 2019**__  _____
UNITED STATES DISTRICT JUDGE